IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gabriel Randolph, #248729, | C/A No. 2:07-0245-MBS-RSC |
| Petitioner, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Warden, Perry Correctional Institution, | |
| Respondent. | |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u> <u>pauperis</u> is before the undersigned United States Magistrate Judge for a report and recommendation on the respondents' and plaintiff's summary judgment motions filed on June 1, 2007 and June 26, 2007, respectively. 28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The petitioner, Gabriel Randolph, is currently incarcerated in Lee Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court of Colleton County. Petitioner was indicted in October 1997 for distribution of crack cocaine, and distribution of crack cocaine within one-half mile of a school. (PCR App. pp. 156-157; pp. 160-161). Margie Bright Matthews, Esquire, represented Petitioner on the charges. On March 26, 1998, pursuant to negotiations, which included the dismissal of eighteen (18) other

1

pending drug charges, (PCR App. p. 5, lines 3-14), Petitioner entered a guilty plea. The Honorable Rodney A. Peeples, heard and accepted the plea. The judge sentenced Petitioner to twenty-two (22) years imprisonment for distribution of crack cocaine, and fifteen (15) years on the proximity charge, consecutive, suspended upon service of five (5) years in favor of five (5) years imprisonment. (PCR App. p. 18, line 20-p. 19, line 5). Petitioner did not appeal his plea or sentence.

On November 29, 1998, Petitioner filed an application for post-conviction relief ("PCR"), in which he raised the following claims:

> (a) Ineffective Assistance of Counsel;
>
> [1] Trial Counsel misinform Applicant about Sentencing;
>
> [2] Trial Counsel did not do a full and fair investigation;
>
> [3] Trial Counsel did not advise me of my Constitutional right;
>
> (b) Misconduct of the Solicitor;
>
> (c) Judge use his own Discretion at Applicant's Sentencing.

(PCR App. p. 21)

The State made its return on August 27, 1999. (PCR App. pp. 26-30). E. W. Bennett, Esquire, represented Petitioner in the action. An evidentiary hearing was held February 7, 2000, before the Honorable Alexander S. Macaulay. At the conclusion of the

hearing, the PCR judge denied relief (PCR App. p. 140, line 6 - p. 143, line 2). On July 6, 2000, the PCR judge issued a written order of dismissal. (PCR App. pp. 145-153). Petitioner appealed.

Daniel T. Stacey, Chief Attorney of the South Carolina Office of Appellate Defense, represented Petitioner on appeal. Appellant counsel filed a Petition for Writ of Certiorari in the Supreme Court of South Carolina on May 24, 2001, and raised the following issue:

> Petitioner received ineffective assistance of counsel and pled guilty involuntarily when counsel should have moved on the record to recuse the trial court or for a continuance and the remarks of the trial court in the presence of the petitioner were coercive. Furthermore, counsel preserved no error when the court threatened to increase petitioner's sentence if she moved the court to reconsider.

(PCR App. p. 168).

The State made its return to the petition on October 8, 2001. On January 24, 2002, the Supreme Court of South Carolina denied the petition. (PCR App. p. 175). The Court issued the remittitur on February 11, 2002.

Petitioner filed his second PCR application on May 28, 2002, and raised the following claims:

    (a) Ineffective Assistance of Counsel;

    [1] Tr[ia]l counsel did not advise me of my Constitutional Right;

3

>           [2]  Tr[ial]l counsel did not do full & fair investigation of sentencing;
>
>      (b)  Double Jeopardy of sentence;
>
>      (c)  Judge use his own discretion of at applicant's [sentencing].

(PCR App. p. 177).

On March 22, 2004, Petitioner filed an amended PCR application that raised the following claims:

>      (a)  ineffective assistance of counsel - - both trial counsel and 1st PCR counsel;
>
>           [1]  Trial counsel did not advise application of his constitutional rights;
>
>           [2]  Trial counsel did not move for trial judge to recuse himself;
>
>           [3]  Trial counsel did not do full and fair investigation of sentencing;
>
>      (b)  Double Jeopardy of sentence;
>
>      (c)  Judge used his own discretion at applicant's sentence.

(PCR App. pp. 199-207).

The State made its return on October 25, 2002, and moved to dismiss the application as improperly successive and untimely under the statute of limitations for PCR actions. (PCR App. pp. 193-197). On February 13, 2003, Petitioner again sought to amend his application to include an issue regarding the sufficiency of the indictment and lack of subject matter jurisdiction; and an allegation that the sentences should be concurrent as the charges arose out of a single incident. (PCR App. pp. 208-211). John R.

4

Hetrick, Esquire, represented Petitioner in the action. A hearing on the State's motion was held on June 2, 2004, before the Honorable B. Hicks Harwell. At the conclusion of the hearing, the judge took the matter under advisement. (PCR App. p. 227, lines 9-13). By order dated August 9, 2004, the PCR judge dismissed the application as untimely and improperly successive. (PCR App. pp. 232-238). Petitioner appealed the dismissal.

Aileen P. Clare, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented Petitioner on appeal. On May 16, 2005, appellate counsel filed a Petition for Writ of Certiorari in the Supreme Court of South Carolina and raised the following issue:

> Was trial counsel ineffective for not requesting that petitioner's sentences run concurrently, under S.C. Code Section 17-25-50, because they resulted from a single transaction, and should this Court grant relief even though the issue was raised in a successive PCR application?

(2005 Cert. Pet., p. 2).

The State made its return to the petition on September 30, 2005. The Supreme Court of South Carolina denied the petition on November 1, 2006, and issued the remittitur on November 17, 2006.

Petitioner filed his third PCR application on January 18, 2006, and raised the following claim:

> (a) Applicant is indigent which Administrative Law Court wouldn't hear appeal.

5

(2006 PCR Application, p. 3).

It appears that action challenges only disposition on grievance(s) within the South Carolina Department of Corrections, and does not directly challenge his state convictions. (2006 PCR Application, p. 1). It further appears that the 2006 action is still pending in the state courts.

The following documents have been made part of the record here:

    1.    PCR Appendix containing:

        a.    March 26, 1998, Guilty Plea Transcript;

        b.    1998 PCR Application;

        c.    Return (to 1998 PCR Application);

        d.    February 7, 2000, PCR hearing transcript;

        e.    Order of Dismissal (1998 PCR Application);

        f.    Clerk Records consisting of Indictments, Sentencing Sheets, Arrest Warrants; and Probation Order;

        g.    2001 Petition for Writ of Certiorari;

        h.    January 24, 2002 Order (denying petition);

        i.    2002 PCR Application;

        j.    Return (to 2002 PCR Application);

        k.    Amendments (to 2002 PCR Application);

        l.    June 2, 2004 PCR hearing transcript;

  m. Order of Dismissal (2002 PCR Application);

2. Supplemental PCR Appendix, containing January 31, 2003 Letter (admitted as an exhibit at the June 2, 2004 PCR hearing);

3. 2001 Return to Petition for Writ of Certiorari;

4. February 11, 2002 Remittitur;

5. 2005 Petition for Writ of Certiorari;

6. 2005 Return to Petition for Writ of Certiorari;

7. November 1, 2006 Order (of the Supreme Court of South Carolina denying petition);

8. November 17, 2006 Remittitur;

9. 2006 PCR Application.

## GROUNDS FOR RELIEF

In his Petition for Writ of Habeas Corpus, Petitioner makes the following claims of constitutional error:

> **Ground one:** Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
>
> Supporting Facts: My senten[c]ing is wrong when sentencing must be run concurrent by law review by Esq. E. W. Bennett.
>
> **Ground two:** Denial of effective assistance of counsel.
>
> Supporting Facts: Trial counsel and PCR counsel didn't make any ar[gu]ment of my sentence and when clearly is wrong by South Code law.
>
> **Ground three:** Conviction obtained by a violation of the protection against double jeopardy.

7

> Supporting Facts: Distribution of Crack Cocaine and Distribution of Crack Cocaine w/in ½ mi. of school. This was on incident, one crime, at one time, place and date. Sentencing of two indictment.
>
> **Ground four**: Denial of right of appeal.
>
> Supporting Facts: Trial counsel did not appeal my illegal sentencing. I ask her to appeal the trial judge.

(Habeas Petition, pp. 5-6).

Petitioner amended his habeas petition on February 20, 2007, to include the following claim(s):

> Ground five: Ineffective assistance of trial counsel in failing to move on the record to recuse the trial judge and for a continuance based on the coercive remarks of the trial judge in the presence of petition and in failing to preserve error when the trial court threatened to increase petitioner's sentence if trial counsel moved to court to reconsider his sentence;
>
> Involuntariness of guilty plea which resulted from coercive remarks of trial judge in the presence of petitioner;
>
> Ineffective assistance of trial counsel in not advising petitioner of his constitutional rights;
>
> Ineffective assistance of trial counsel in not doing a full and fair investigation of petitioner's sentencing;
>
> The applicant states that the indictment and information on which he was brought to court was invalid on its face and also under the Controlled Substances Act and denied him due process of law;
>
> The applicant states that at this time he would like to raise the issue of subject matter jurisdiction and that the court was without jurisdiction to hear his plea;

8

> The applicant states that the Controlled Substance Act shows that he should have been given one sentence;
>
> Ineffective assistance of first PCR counsel in failing to allege at applications' first PCR hearing the logic and applicability of Sec. 17-25-50 as legal justification for imposition of concurrent sentences rather than consecutive sentences by the trial judge on the distribution and school proximity charges and that trial counsel was ineffective in to [sic] raising this issue at sentencing.

(Amended Habeas Petition, p. 4(a)).

It appears Petitioner also makes the following additional claims by way of the amended petition, listed and numbered as reflected in the amended petition:

> **Ground one**: Effective assistance of counsel 6th Amendment:
>
> Supporting Facts: Trial counsel and PCR's counsel did not argue that petitioner sentence can or must be run concurrent by state code law 17-25-50 of South Carolina. By Controlled Substance Act 17-25-50, which Distribution of Crack Cocaine and Distribution w/in ½ mi of school is only one incident. Review letter by Esq. E.W. Bennett about raising issue of 17-25-50....
>
> **Ground two**: Due Process 14th Amendment.
>
> Supporting Facts: Petition did not have full understanding of law of 17-25-50 South Carolina Code Law and consequence of sentence which sentence can be concurrent or must be concurrent by S.C. Code Law 17-25-50 Controlled Substance Act. S.C. Attorney General and 1st & 2nd PCR judge would not make ruling or adjudication & Orders when issue was properly raise....
>
> **Ground three**: The Eighth Amendment "Excessive bail shall not be required nor excessive fines imposed, nor cruel and unusual punishment.

9

> Supporting Facts: Petitioner must be sentence must be concurrent by South Carolina Code 17-25-50. Sentence was excessive when trial judge did not use South Carolina Code law 17-25-50. Also S.C. Attorney General & 1st & 2nd PCR judge didn't give ruling on sentence. Petitioner didn't have the knowledge of S.C. Code law 17-25-50 at guilty plea hearing!

(Amended Habeas Petition, pp. 6-9).

The petitioner was provided a copy of the respondents' summary judgment motion on June 1, 2007, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The petitioner filed a motion for summary judgment on June 26, 2007, and he responded to the respondent's motion for summary judgment on July 3, 2007. Hence it appears consideration of the motions is appropriate.

## APPLICABLE LAW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, is applicable to this action challenging the petitioner's 1998 convictions and sentences. Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

10

>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Additionally, Title 28, United States Code, Section 2244(d) provides:

>    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>       (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
>       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>       (D) the date on which the factual predicate of the claim or claims presented could have

11

> been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**DISCUSSION**

Dispositive of this matter is the respondents' correct contention that this petition was filed untimely and should be dismissed on that basis.

Petitioner entered his guilty plea on March 26, 1998. Petitioner did not appeal his plea or sentence; thus, his conviction became final on April 5, 1998, ten (10) days later, at the conclusion of the time in which he could have timely sought direct appeal. See, Rule 203 (b)(2), South Carolina Appellate Court Rules (ten (10) day limit in which to appeal after a conviction in general sessions).

Petitioner did not file his first state PCR action until November 20, 1998. At that time, two hundred and twenty-nine (229) days of time not tolled by the statute had lapsed. Petitioner's PCR action ended at the conclusion of the appeal process on February 11, 2002, when the Supreme Court of South Carolina issued the remittitur. See, Christy v. Christy, 317 S.C. 145, 151, 452 S.E.2d 1, 4 (Ct. App. 1994)("The final disposition of a case occurs when the remittitur is returned by

the clerk of the appellate court and filed in the lower court."). At that time, Petitioner had one hundred and thirty-six (136) days left in which to file a timely habeas action (365 days less the previously expired 229 days), or until June 27, 2002. Petitioner did not file the instant habeas corpus action until January 24, 2007. See, Houston v. Lack, 487 U.S. 266 (1988) (document considered filed upon delivery to prison officials for forwarding to court). His petition was filed over four (4) years beyond the time permitted under the AEDPA.

To the extent Petitioner relies upon the filing of a second PCR action to toll the time for filing, (See, Amended Habeas Petition, p. 14), Supreme Court precedent is squarely against him. Petitioner did file a subsequent PCR action, on May 28, 2002; however, that action was dismissed as successive and untimely. An untimely application for relief will not trigger the tolling provision of the statute. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."). Therefore, the second untimely and successive PCR did not toll the AEDPA statute of limitations.

Lastly, Petitioner is not entitled to equitable tolling of the statute. First, the United States Supreme Court has not held that equitable tolling is available to habeas petitioners. See,

Pace at 418, n. 8 ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations. Because respondent assumes that equitable tolling applies and because petitioner is not entitled to equitable tolling under any standard, we assume without deciding its application for purposes of this case.")(internal citation omitted). See also, Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007). While assuming without deciding the availability of equitable tolling, the Supreme Court has said that generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Id.; Pace, 544 U.S. at 408, citing Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990).

Here, the petitioner has not identified any extraordinary circumstance that stood in his way or prevented the filing. Rather, according to Petitioner, he simply chose to file a second action in state court rather than seek federal review. That does not approach a showing that an extraordinary circumstance prevented him from filing in this court on time.

Petitioner also seems to argue that PCR appellate counsel was mistaken in her advice about filing[1], (Amended Habeas

---

[1] Counsel wrote in the letter that counsel did not practice in the federal system, but that she had "been told that the feds have a one-year deadline on habeas petitioners that they are very

14

Petition, p. 4), but that would not be an extraordinary circumstance that prevented timely filing.

As the <u>Lawrence</u> court reasoned:

> . . . Lawrence argues that his counsel's mistake in miscalculating the limitations period entitles him to equitable tolling. If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling... . e.g., <u>Coleman v. Thompson</u>, 501 U.S. 722, 756-757, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

<u>Lawrence</u>, at 1085.

In sum, even if equitable tolling were applicable to the AEDPA's statute of limitations, Petitioner has failed to show any circumstance that would entitle him to equitable tolling here.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the respondents' motion for summary judgment on

---

strict about." Counsel also wrote: "For example, they won't count the time that you had a direct appeal or PCR pending. " (See Habeas Petition, November 8, 2006, Clare Letter Attachment). However, there is not a specific calculation as to Petitioner's time limits, and, as the letter was written well after the time in which Petitioner could have timely filed, counsel's advice could not have directly prevented timely filing.

15

statute of limitation grounds should be granted and this action ended.

                                      Respectfully Submitted,

                                      */s/ Robert S. Carr*

                                      Robert S. Carr
                                      United States Magistrate Judge

Charleston, South Carolina

July 25, 2007

16

**Notice of Right to File Objections to Report
and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).