IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Gabriel Randolph, #248729, ) | |
| ) | C/A No. 2:07-245-MBS-RSC |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION AND** |
| ) | **O R D E R** |
| Warden, Perry Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Gabriel Randolph is an inmate in the custody of the South Carolina Department of Corrections. At the time Petitioner filed this action, he was housed in the Perry Correctional Institution pursuant to orders of commitment from the Clerk of Court of Colleton County.[1] Petitioner is currently housed in the Lee Correctional Institution. Petitioner, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in custody unlawfully.

This matter is before the court on cross-motions for summary judgment. Respondent filed a motion for summary judgment on June 1, 2007. By order filed June 6, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On July 3, 2007, Petitioner filed a response to Respondent's motion for summary judgment. Petitioner filed a cross-motion for summary judgment on June 26, 2007. On July 16, 2007, Respondent filed a response to

---

[1] On April 6, 2007, Petitioner filed a notice informing the court that he had been moved to the McCormick Correctional Institution. On May 8, 2007, Petitioner filed a second notice, informing the court that he had been moved to the Lee Correctional Institution.

Petitioner's cross-motion for summary judgment.

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("Report and Recommendation") on July 25, 2007, in which he recommended that Respondent's motion for summary judgment be granted. The Magistrate Judge found that the Petitioner failed to timely file his federal habeas petition because over four (4) years of non-tolled time had passed beyond the time permitted under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In addition, the Magistrate Judge found that equitable tolling did not apply. Petitioner filed objections to the Report and Recommendation on August 1, 2007, August 23, 2007, and September 27, 2007. (Petitioner's Objections.)

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Petitioner's objections generally restate the allegations of his petition, the arguments contained in his motion for summary judgment, and arguments in his response to Respondent's

motion for summary judgment. However, Petitioner does assert two specific objections to the Report and Recommendation that the court will address in turn.

First, Petitioner argues that the filing of his second post-conviction relief (PCR) petition in state court was properly filed and thus suspended the one-year statute of limitations of the AEDPA. An application for PCR is not properly filed when it is found to be untimely. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Additionally, an untimely PCR petition does not entitle a federal habeas petitioner to tolling of the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2). See id. As noted by the Magistrate Judge, Petitioner's second PCR action was dismissed as untimely and successive. As such, his second PCR action was not properly filed and does not qualify for tolling pursuant to § 2244(d)(2). Petitioner's first objection is without merit.

Second, Petitioner argues that equitable tolling should apply because he diligently pursued relief and there were extraordinary circumstances preventing him from timely filing his petition. Petitioner's objection is without merit. Generally, a party seeking the benefit of equitable tolling must demonstrate two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Although the United States Supreme Court has not ruled on whether equitable tolling applies to AEDPA actions, see Pace, 544 U.S. at 418 n.8, the Fourth Circuit has held that equitable tolling is applicable to AEDPA actions, see Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)(citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Equitable tolling is appropriate in AEDPA actions only when a petitioner demonstrates, "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

The Magistrate Judge found that Petitioner was not entitled to equitable tolling because Petitioner failed to identify any extraordinary circumstance that prevented Petitioner from timely filing his petition. (See Report and Recommendations at 14-15.) In his objections, Petitioner contends that there was an extraordinary circumstance preventing timely filing of his habeas petition. Specifically, he states that "[e]ach S.C. Code Law 17-27-80 & 17-25-50 show that Petitioner try diligently and extraordinary circumstance that issue would not be answer as it now be answer. So how do petitioner get issue answer. Extraordinary circumstance Petition [sic] try to get issues answer." (Petitioner's August 23, 2007 Objections at 2 (errors in original).) It appears that the extraordinary circumstance that Petitioner relies on is that the merits of his claim will never be addressed, if his petition is dismissed. What Petitioner calls an extraordinary circumstance is unrelated to his failure to file his petition on time and does not constitute a basis for applying the doctrine of equitable tolling. See Rouse, 339 F.3d at 251. Moreover, this "extraordinary circumstance" is not appropriately considered in an equitable tolling analysis. Cf. Rouse, 339 F.3d at 251 (stating that allowing a consideration of the merits of a claim in an equitable tolling analysis would allow petitioners to circumvent the statute of limitations). As such, Petitioner's objection is without merit and his petition is untimely.

## CONCLUSION

After thorough review of the Report and Recommendation, the Plaintiff's Objections, the record in its entirety, and examining the applicable law, the court concurs with the Magistrate Judge's findings. As such, Respondents' motion for summary judgment (Entry 23) is **granted**; Petitioner's motion for summary judgment (Entry 27) is **denied;** and the within petition for writ of habeas corpus is dismissed with prejudice. It follows that Petitioner's remaining pending motions

(Entries 19, 38, and 39) are moot.

**IT IS SO ORDERED.**

          s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina
February 21, 2008

## NOTICE OF RIGHT TO APPEAL

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**